## Ida M. Tiffany *v.* Delaware, Lackawanna & Western Railroad Company, Appellant.

*Negligence—Railroads—Grade crossing—Stop, look and listen.*

In an action against a railroad company to recover damages for the death of the plaintiff's husband at a grade crossing, a verdict and judgment for plaintiff will be sustained where the evidence, although contradictory in character, tends to show that the deceased stopped, looked and listened at the only point where a train could be seen ; that he then drove upon the track without stopping again, and that the train which struck him gave no signal of its approach.

Argued March 15, 1898.  Appeal, No. 305, Jan. T., 1897, by defendant, from judgment of C. P. Susquehanna County, Nov. T., 1895, No. 167, on verdict for plaintiff.  Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.  Affirmed.

Trespass to recover damages for death of plaintiff's husband at a grade crossing.  Before SEARLE, P. J.

At the trial, it appeared that on August 31, 1895, George W. Tiffany, plaintiff's husband, was killed at Kingsley station while driving a sulky over the tracks of the defendant company.  The evidence on behalf of the plaintiff tended to show that, at a point on the highway a short distance east of the railroad, the tracks could be seen a long distance in both directions but that at no nearer point could the tracks be seen. Plaintiff relied on the presumption that the deceased stopped at that point, and the defendant proved that from about that point to the crossing, he did not stop.  Several witnesses for the plaintiff testified that no signal was given, and that the train was running at the rate of thirty-five to forty-five miles per hour.  A number of witnesses for the defendant testified that a whistle was sounded and a bell rung before the train approached the crossing.

The court charged in part as follows:

It is claimed by the plaintiff in this case that the last point at which he could see approaching trains, and as trains are approaching from each way it is his duty to look both ways, was at the junction of the highways some little distance east of this crossing.  It is undisputed that some distance east of this crossing there was a junction of two highways, called an upper and a lower road, and at or near the junction of this road, it is claimed on the part of the plaintiff, and they claim they have proved it by evidence, that there was a point, and the last point where any one could stop, look and listen and see approaching trains, and hear the approaching trains, and at the same time have an opportunity to avoid the dangers of the approaching trains.  It is claimed by them that at the time of this accident there were upon this switch track east of the main tracks of the railroad two freight cars, one abutting upon the highway upon

the south, and the other extending into the highway from the north, that that, and the station, and the buildings at that point so obstructed the view of an approaching train from the north that he could not—that a man driving across the track there— could not see the approaching trains ; there was no place to stop, look and listen until he was so far upon the track, or so far in danger from one or the other trains as that he could not avoid it. It is undisputed evidence in this case that after he passed a short distance from the junction of these highways east of the crossing, part way down the grade, heavy grade, near the end of the switch, from that point until he was on the track where he received the injury, that he did not stop, and that he did not look up the track; so that if you should find as a fact that that point between the switch track, or when after he had crossed, so that he got a view of the railroad in coming through between those two cars which were on the switch track, if you should find, as a fact, that between that point and the track he could get such a view of an approaching train as to see it, so that he could have avoided it by stopping before he got onto the track, it would be your duty to find your verdict for the defendant. In speaking of the negligence of the railroad in a former part of my charge, I called your attention to the fact that the railroad and its employees were presumed to have used the care necessary under the circumstances ; that the presumption was that they were not guilty of any negligence; that same presumption applies to any one who is crossing a railroad track. The law presumes that every man who crosses a railroad track uses ordinary care to escape the dangers incident to a crossing, and in that connection the law presumes that whoever crosses a railroad track stops, looks and listens at the point, at the last point, where he could see an approaching train and avoid the dangers of a collision. But this presumption may be overcome by proof. Where there is direct, positive evidence that is uncontradicted that a man in approaching a train did not stop, look and listen, that overcomes any presumption arising from the fact that men ordinarily do what is reasonable and necessary under the circumstances. It is claimed on the part of the plaintiff in this case, as I said before, that the point, the last point, where a person approaching that crossing from the east, where Mr. Tiffany was approaching, could stop, look and listen, and

at the same time avoid the danger of an approaching train when he saw it, was near the junction of these two roads east of the station; that is a question of fact for you. If you should find that that was the last point at which he could stop, look and listen, and by stopping, looking and listening see and hear approaching trains from both directions, and at the same time avoid the danger of a collision from an approaching train, then you next should say whether there is any evidence in this case that he did not at that point stop, look and listen. [As I said before, the presumption is that he did stop, look and listen, but if there is any evidence in the case that shows directly that he did not stop, look and listen at that point, and you having previously found that was the proper place, then you should find for the defendant; but if you should find that the evidence fails to show that he did not stop, look and listen at that point then the presumption that he did would govern, and he would be without fault in going forward upon the track, provided it was the last place where he could do that and avoid danger.] [8] If you should find that under this presumption he stopped, looked and listened, the law presuming that he did, in the absence of any evidence to the contrary, that he stopped, looked and listened at the proper place, and that the railroad company was negligent in crossing that track by not sounding the danger signal, then this plaintiff would be entitled to recover from this defendant company such damages as she has suffered, and her son has suffered, from the loss of her husband.

Defendant's points and the answers thereto among others were as follows:

7½. There being such direct, affirmative and uncontradicted proof that the defendant did not stop before going upon the track where the accident happened, he was guilty of contributory negligence and the plaintiff cannot recover. *Answer :* That point requires the taking of the case from the jury and therefore is refused. [2]

7¾. The plaintiff having proved by her own evidence that the decedent did not stop after coming to the top of the pitch, back of the depot, then if the jury believe the uncontradicted evidence of the defendant that the decedent did not stop after coming in sight of the railroad before or at the forks of the highway above the station, the plaintiff cannot recover. *Answer :* All

the direct evidence given as to whether the deceased stopped from the time he came in sight until he went upon the crossing, is that he did not stop, whether this evidence covers all the road traveled by him from above the forks of the road east of the depot to the east end of the switch track is a question of fact for the jury. If the jury find that it covers this distance and that Mr. Tiffany did not stop, they should find for the defendant. [3]

10. It is undisputed under the evidence that the roadway at the crossing where decedent was struck is smooth and wide and level in the direction from which he was coming; that he was riding along in a two-wheeled sulky which could be safely turned about on the smooth roadway in its own length; that as shown by the maps and photographs and the evidence of the witnesses, at a distance of twenty-six feet east of the center of the south bound track, an unobstructed view of the track could be had for a distance of eleven hundred feet to the north, from which direction the milk train came which struck decedent. At a distance of thirty feet from the same point an unobstructed view of the track could be had for a distance of about three hundred and twenty-five feet, and at a distance of forty-two feet from the same point an unobstructed view of the track for one hundred and eighty-five feet in the same direction could be had. *Answer:* This point is refused as it requires us to find affirmatively the facts which, as we understand the evidence, are in dispute, i. e., as to the distance one can see up the track at the time at different points between the switch track and the main tracks of the crossing. [4]

12. The undisputed evidence in the case shows that if the decedent had looked up the track to the north when within a safe distance, he could have seen the train in time to have prevented the accident, and not having done so, he was guilty of contributory negligence and plaintiff cannot recover. *Answer:* That is refused, as it requires us to take the case from the jury. [5]

17. Upon the whole evidence the plaintiff has failed to show a case where the decedent was free from contributory negligence, and therefore cannot recover. *Answer:* That is refused. [6]

18. No negligence has been shown on the part of the defend-

ant for which a recovery can be had against it in this case. *Answer :* That is refused. [1]

Plaintiff's eighth point and the answer thereto were as follows :

If the jury find from the evidence that George W. Tiffany stopped, looked and listened in the best place, and where he had the best view of the railroad in both directions that could be obtained near the crossing, and could not see any train approaching from the north, and was in no danger of being injured by the train coming from the south, then he had the right to go upon the crossing, using all necessary care and diligence, to prevent being injured ; and if he did use necessary care and diligence and was killed through no fault of his own, but by the negligence of the persons in charge of the train only, then he cannot be charged with contributory negligence. *Answer :* Affirmed. [7]

Verdict and judgment for plaintiff for $5,000.    Defendant appealed.

*Errors assigned* were (1–8) above instructions, quoting them.

*W. H. Jessup,* with him *W. H. Jessup, Jr.,* for appellant.— The accident for which this suit was brought occurred at a crossing of the public highway.    Both the plaintiff's husband and defendant company had equal rights at that crossing, but the rights of the defendant at the moment their train was there were superior to that of any person lawfully passing upon the public highway : Warner v. Ry., 141 Pa. 615.

It is not only the right, but it is the duty, of the trial judge in cases where the evidence is so overwhelming as in the present case, to measure the quality as well as the quantity of the evidence and to pass judgment upon it : Mead v. Conroe, 113 Pa. 220 ; Bank v. Tinker, 158 Pa. 17 ; Yingst v. Ry., 167 Pa. 438.

The evidence of one positive witness, whose attention is called to the fact, is worth a dozen witnesses whose attention was not called to the same fact : Urias v. Penna. R. R., 152 Pa. 326 ; Hauser v. Cent. R. R. of N. J., 147 Pa. 440 ; Pleasants v. Fant, 22 Wallace, 116.

When it is manifest upon the evidence that the court should

set aside a verdict against the defendant, it is the duty to charge the jury not to return such a verdict: Pleasants v. Fant, 22 Wallace, 116; Imp. Co. v. Munson, 14 Wallace, 442; Lake Shore & Mich. S. R. R. v. Miller, 25 Mich. 274; Randall v. Balt. & O. R. R., 109 U. S. 478; Tunney v. Carnegie, 146 Pa. 618; Penna. R. R. v. Weber, 76 Pa. 168; Penna. R. R. v. Mooney, 126 Pa. 244; Connerton v. D. & H. Canal Co., 169 Pa. 339.

In cases where the injury complained of results in the death of the injured person, the law presumes that such person exercised the measure of care that it was his duty to exercise. That presumption is prima facie only and may be rebutted by proof of the acts of the injured person or the circumstances surrounding the accident: Ely v. Ry., 158 Pa. 233; Urias v. R. R., 152 Pa. 326; Hughes v. D. & H. C. Co., 176 Pa. 154; Blaney v. Electric Traction Co., 39 Atl. Rep. 294; Gleim v. Harris, 181 Pa. 387.

*A. H. McCollum,* of *McCollum & Smith,* for appellee.—It is clearly the duty of an engineer, when his train approaches a public highway, if danger is to be apprehended, to give warning by sounding the whistle, or other sufficient alarm.

The failure to do so would be negligence per se: Phila., Wil. & Balt. R. R. v. Stinger, 78 Pa. 225; Phila. & Trenton R. R. v. Hagan, 47 Pa. 244; Longenecker v. Penna. R. Co., 105 Pa. 328; Penna. R. Co. v. Coon, 111 Pa. 438.

Whether the bell was rung and whistle blown, and when and how long, are the questions of fact for the jury: Ellis v. Lake Shore & Michigan Southern R. R., 138 Pa. 506; Harkins v. Pittsburgh, etc., Traction Co., 173 Pa. 146; Lehigh Valley R. R. v. Brandtmaier, 113 Pa. 616; Penna R. Co. v. Coon, 111 Pa. 430; Pittsburg, Fort Wayne, etc., Ry. v. Dunn, 56 Pa. 280; Penna. R. Co. v. Lewis, 79 Pa. 33.

The presumption in the absence of other evidence is that the traveler stops, looks and listens, before crossing a railroad: Penna. R. Co. v. Weber, 76 Pa. 157; Schum v. Penna. R. Co., 107 Pa. 8; Haverstick v. Pa. R. R., 171 Pa. 101; Ellis v. Lake Shore, etc., R. R. 138 Pa. 506; Phila. & Reading R. R. v. Noar, 3 Penny. 443; Philpott v. Penna. R. Co., 175 Pa. 570.

Where the evidence is conflicting, or where there are infer-

ences of fact to be drawn from the testimony, the question whether a person injured at a railroad crossing stopped, looked and listened at the right place or not is for the jury, and it is error to rule it as a question of law: McGill v. Ry., 152 Pa. 331; Keng v. B. & O. R. R., 160 Pa. 644; Davidson v. Lake Shore, etc., Ry., 171 Pa. 522; Gray v. Pa. R. R., 172 Pa. 383; Roberts v. Del. & Hudson Canal Co., 177 Pa. 183.

PER CURIAM, April 4, 1898:

This case involved questions of fact relating to the defendant company's negligence, as the proximate cause of the death of plaintiff's husband, and also to the alleged contributory negligence of said deceased. Under the testimony before the court, these questions were manifestly for the exclusive consideration of the jury, and they were accordingly submitted to them in an impartial and fully adequate charge to which no just exception can be taken. By their verdict the jury definitively determined all the material questions of fact in favor of the plaintiff; and we find nothing in the record to justify us in disturbing the judgment entered on the verdict. The case was ably and accurately tried. It is not our purpose to notice the specifications of error in detail. To do so, would consume much time to no good purpose. The assignments of error are all overruled and the judgment is affirmed.